16SL-CC03721

Electronically Filed - St Louis County - October 05, 2016 - 05:06 PM

IN THE CIRCUIT COURT
TWENTY-FIRST JUDICIAL CIRCUIT
ST. LOUIS COUNTY

| | | |
|---|---|---|
| DAVID KRONE, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Cause No.: |
| | ) | |
| CITY OF PINE LAWN, | ) | |
| | ) | Plaintiff Demands Trial by Jury |
| Defendant. | ) | |

**PETITION**

**COUNT I – Racial Discrimination – Title VII (race and/or color)**

NOW COMES Plaintiff, David Krone (hereafter referred to as "Krone"), by and through his undersigned attorneys, Brunton Law Office, P.C., and for Count I of his Petition against Defendant, City of Pine Lawn (hereafter referred to as "Pine Lawn"), states:

1. Pine Lawn is a municipality and public entity within St. Louis County, State of Missouri.

2. Krone was an employee for Pine Lawn within the Pine Lawn Police Department.

3. Krone was qualified for his position and was able to perform essential functions of his job.

4. Pine Lawn, at all relevant times, had more than 15 employees.

5. Krone was terminated by Pine Lawn.

6. Krone' race is Caucasian. Krone's color is white.

7. Krone was subjected to a hostile work environment, harassment, and was subjected to discrimination while working for Pine Lawn because of his race and/or color, in violation of Title VII of the Civil Rights Act of 1964, as amended, 42U.S.C. § 2000e, *et. seq*.





Electronically Filed - St Louis County - October 05, 2016 - 05:06 PM

8. Krone was terminated as a result of his race and/or color which violates Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e, *et seq.*, for employment discrimination on the basis of race and/or color.

9. Prior to his termination, Krone was performing his job according to his employer's legitimate expectations.

10. Krone filed a Charge of Discrimination with the Missouri Department of Human Rights and EEOC. A copy of the Charge is attached and incorporated as Exhibit "A".

11. Krone received a Notice of Right-to-Sue from the EEOC. A copy of the Notice is attached and incorporated herein as Exhibit "B".

12. Krone filed this action within ninety (90) days of the receipt of the Notice of the Right-to-Sue letter.

13. As a result of the discrimination and unfair treatment by Pine Lawn, Krone suffered and in the future will continue to suffer emotional distress, mental anguish, pain and suffering, inconvenience, loss of enjoyment of life, and other pecuniary and non-pecuniary losses.

14. As a result of the discrimination by Pine Lawn, Krone was caused to lose wages and fringe benefits and he is entitled to recover for this loss.

15. As a result of the discrimination by Pine Lawn, Krone will lose future earnings and future fringe benefits and he is entitled to recover for this loss.

16. In addition, Krone is entitled to reasonable attorney fees and all other affirmative relief as this court deems appropriate, including enjoining any unlawful discrimination in the future by Pine Lawn.

17. In addition, Krone is further entitled to pre-judgment interest to compensate him for the loss of wages during the period preceding any final judgment. Krone is further entitled to

Electronically Filed - St Louis County - October 05, 2016 - 05:06 PM

post-judgment interest from the date of judgment to the date that any judgment is paid by Pine Lawn.

18. In addition, Pine Lawn, through its managers, had knowledge that it may have been acting in violation of federal law and/or Pine Lawn approved or ratified the acts of discrimination and thus, Krone is entitled to punitive damages.

WHEREFORE, Plaintiff, David Krone, requests that judgment be entered in his favor and against City of Pine Lawn in an amount in excess of $25,000.00 and award costs of suit, as well as pre-judgment interest, and for any further relief as to the Court deems just and proper.

**Plaintiff Demands Trial by Jury.**

**COUNT II –Retaliation-Title VII (race and/or color)**

NOW COMES Plaintiff, David Krone (hereinafter referred to as "Krone"), and for Count II of his Petition against Defendant, City of Pine Lawn (hereinafter referred to "Pine Lawn), states:

1-7. For paragraphs one (1) through seven (7) of Count II, Plaintiff realleges and incorporates paragraphs one (1) through seven (7) of Count I as though fully alleged herein.

8. Krone informed Pine Lawn of discrimination against him because of his race and/or color, which would violate Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000 (e), *et seq*.

9. Krone was harassed, discriminated against, and was terminated by Pine Lawn after the aforementioned complaints were made.

10. Krone's harassment and subsequent termination was caused as a result of him engaging in the aforementioned statutorily protected activity of reporting discrimination because of race and/or color against Pine Lawn, in violation of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000 (e), *et seq*.

Electronically Filed - St Louis County - October 05, 2016 - 05:06 PM

11. Prior to his termination, Krone was performing his job according to his employer's legitimate expectations.

12. Krone filed a Charge of Discrimination with the Missouri Department of Human Rights and EEOC. A copy of the Charge is attached and incorporated as Exhibit "A".

13. Krone received a Notice of Right-to-Sue from the EEOC. A copy of the Notice is attached and incorporated herein as Exhibit "B".

14. Krone filed this action within ninety (90) days of the receipt of the Notice of the Right-to-Sue letter.

15. As a result of the retaliation by Pine Lawn, Krone suffered and in the future will continue to suffer emotional distress, mental anguish, pain and suffering, inconvenience, loss of enjoyment of life, and other pecuniary and non-pecuniary losses.

16. As a result of the retaliation by Pine Lawn, Krone was caused to lose wages and fringe benefits and he is entitled to recover for this loss.

17. As a result of the retaliation by Pine Lawn, Krone will lose future earnings and future fringe benefits and he is entitled to recover for this loss.

18. In addition, Krone is entitled to reasonable attorney fees and all other affirmative relief as this court deems appropriate, including enjoying any unlawful discrimination in the future by Pine Lawn.

19. In addition, Krone is further entitled to pre-judgment interest to compensate him for the loss of wages during the period preceding any final judgment. Krone is further entitled to post-judgment interest from the date of judgment to the date that any judgment is paid by Pine Lawn.

Electronically Filed - St Louis County - October 05, 2016 - 05:06 PM

20. In addition, Pine Lawn, through its managers, had knowledge that it may have been acting in violation of federal law and/or Pine Lawn approved or ratified the acts of discrimination and thus, Pine Lawn knew or showed reckless disregard on whether its conduct was prohibited by the Title VII and Krone is entitled to punitive damages.

WHEREFORE, Plaintiff, David Krone, requests that judgment be entered in his favor and against City of Pine Lawn in an amount in excess of $25,000.00 and award costs of suit.

**Plaintiff Demands Trial by Jury**

**COUNT III – Racial Discrimination – MHRA (race and/or color)**

NOW COMES Plaintiff, David Krone (hereinafter referred to as "Krone"), by and through his undersigned attorneys, Brunton Law Office, P.C., and for Count III of his Petition against Defendant, City of Pine Lawn (hereinafter referred to as "Pine Lawn"), states:

1-3. For paragraphs one (1) through three (3) of Count III, Plaintiff realleges and incorporates paragraphs one (1) through three (3) of Count I as though fully alleged herein.

4. Pine Lawn at all relevant times had more than 6 employees.

5. Krone was terminated by Pine Lawn.

6. Krone' race is Caucasian. Krone's color is white.

7. Krone was subjected to a hostile work environment, harassment, and was subjected to discrimination while working for Pine Lawn because of his race and/or color, in violation of Missouri Human Rights Act ("MHRA").

8. Krone was terminated as a result of his race and/or color which violates the MHRA for employment discrimination on the basis of race and/or color.

9. Prior to his termination, Krone was performing his job according to his employer's legitimate expectations.

Electronically Filed - St Louis County - October 05, 2016 - 05:06 PM

10. Krone filed a Charge of Discrimination with the Missouri Department of Human Rights and EEOC. A copy of the Charge is attached and incorporated as Exhibit "A".

11. Krone received a Notice of Right-to-Sue from the Missouri Department of Human Rights. A copy of the Notice is attached and incorporated herein as Exhibit "C".

12. Krone filed this action within ninety (90) days of the receipt of the Notice of the Right-to-Sue letters.

13. As a result of the discrimination and unfair treatment by Pine Lawn, Krone suffered and in the future will continue to suffer emotional distress, mental anguish, pain and suffering, inconvenience, loss of enjoyment of life, and other pecuniary and non-pecuniary losses.

14. As a result of the discrimination by Pine Lawn, Krone was caused to lose wages and fringe benefits and he is entitled to recover for this loss.

15. As a result of the discrimination by Pine Lawn, Krone will lose future earnings and future fringe benefits and he is entitled to recover for this loss.

16. In addition, Krone is entitled to reasonable attorney fees and all other affirmative relief as this court deems appropriate, including enjoining any unlawful discrimination in the future by Pine Lawn.

17. In addition, Krone is further entitled to pre-judgment interest to compensate him for the loss of wages during the period preceding any final judgment. Krone is further entitled to post-judgment interest from the date of judgment to the date that any judgment is paid by Pine Lawn.

18. In addition, Pine Lawn, through its managers, had knowledge that it may have been acting in violation of federal law and/or Pine Lawn approved or ratified the acts of discrimination and thus, Krone is entitled to punitive damages.

Electronically Filed - St Louis County - October 05, 2016 - 05:06 PM

WHEREFORE, Plaintiff, David Krone, requests that judgment be entered in his favor and against Pine Lawn in an amount in excess of $25,000.00 and award costs of suit, as well as pre-judgment interest, and for any further relief as to the Court deems just and proper.

**Plaintiff Demands Trial by Jury.**

**COUNT IV – MHRA (Retaliation – Race and/or color)**

NOW COMES Plaintiff, David Krone (hereinafter referred to as "Krone"), and for Count IV of his Petition against Defendant, Pine Lawn (hereinafter referred to "Pine Lawn"), states:

1-7. For paragraphs one (1) through seven (7) of Count IV, Plaintiff realleges and incorporates paragraphs one (1) through seven (7) of Count III as though fully alleged herein.

8. Krone informed Pine Lawn of discrimination against him because of his race and/or color, which would violate the MHRA.

9. Krone was harassed and was terminated by Pine Lawn after the aforementioned complaints were made.

10. Krone's harassment and subsequent termination was caused as a result of his engaging in the aforementioned statutorily protected activity of reporting discrimination because of race and/or color against Pine Lawn, in violation of the MHRA.

11. Prior to his termination, Krone was performing his job according to his employer's legitimate expectations.

12. Krone filed a Charge of Discrimination with the Missouri Department of Human Rights and EEOC. A copy of the Charge is attached and incorporated as Exhibit "A".

13. Krone received a Notice of Right-to-Sue from the MHRA. A copy of the Notice is attached and incorporated herein as Exhibit "C".

Electronically Filed - St Louis County - October 05, 2016 - 05:06 PM

14. Krone filed this action within ninety (90) days of the receipt of the Notice of the Right-to-Sue letter.

15. As a result of the retaliation by Pine Lawn, Krone suffered and in the future will continue to suffer emotional distress, mental anguish, pain and suffering, inconvenience, loss of enjoyment of life, and other pecuniary and non-pecuniary losses.

16. As a result of the retaliation by Pine Lawn, Krone was caused to lose wages and fringe benefits and he is entitled to recover for this loss.

17. As a result of the retaliation by Pine Lawn, Krone will lose future earnings and future fringe benefits and he is entitled to recover for this loss.

18. In addition, Krone is entitled to reasonable attorney fees and all other affirmative relief as this court deems appropriate, including enjoying any unlawful discrimination in the future by Pine Lawn.

19. In addition, Krone is further entitled to pre-judgment interest to compensate him for the loss of wages during the period preceding any final judgment. Krone is further entitled to post-judgment interest from the date of judgment to the date that any judgment is paid by Pine Lawn.

20. In addition, Pine Lawn, through its managers, had knowledge that it may have been acting in violation of federal law and/or Pine Lawn approved or ratified the acts of discrimination and thus, Pine Lawn knew or showed reckless disregard on whether its conduct was prohibited by the MHRA and Krone is entitled to punitive damages.

WHEREFORE, Plaintiff, David Krone, requests that judgment be entered in his favor and against Pine Lawn in an amount in excess of $25,000.00 and award costs of suit.

**Plaintiff Demands Trial by Jury.**

Electronically Filed - St Louis County - October 05, 2016 - 05:06 PM

**COUNT V- ADA**

NOW COMES Plaintiff, David Krone, by his attorneys, Brunton Law Offices, P.C., and for Count V of his Complaint against Defendant, City of Pine Lawn (hereinafter referred to as "Pine Lawn") states:

1-5. For paragraphs one (1) through five (5) of Count V, Plaintiff realleges and incorporates paragraphs one (1) through five (5) of Count I as though fully alleged herein.

6. During the period that Plaintiff worked for Pine Lawn, Krone had a disability.

7. Pine Lawn, through its agents, including Krone's supervisors, were aware of Krone's disability.

8. Krone had disabilities within the meaning of Title I of the ADA, 42 U.S.C. § 12102(2) and Krone was a "qualified individual with a disability" within Title I of the ADA, 42 U.S.C. § 12111(8)

9. After Pine Lawn terminated Krone's employment, it replaced him with an employee who was not disabled or regarded as disabled by Pine Lawn.

10. Krone was subjected to a hostile work environment, harassment, and was subjected to discrimination while working for Pine Lawn because of his disability, in violation of the Americans with Disabilities Act, 42 U.S.C. § 12101, *et seq.*

11. Krone was terminated as a result of his disability, which violates the Americans with Disabilities Act, 42 U.S.C. § 12101, *et seq.*

12. Prior to his termination, Krone was performing his job according to his employer's legitimate expectations.

13. Krone filed a Charge of Discrimination with the EEOC. A copy of the Charge is attached and incorporated as Exhibit "A".

Electronically Filed - St Louis County - October 05, 2016 - 05:06 PM

14. Krone received a Notice of Right-to-Sue from the EEOC. A copy of the Notice is attached and incorporated herein as Exhibit "B".

15. Krone filed this action within ninety (90) days of the receipt of the Notice of the Right-to-Sue letter.

16. As a result of the hostile work environment, discrimination and wrongful termination by Pine Lawn, Krone suffered and in the future will continue to suffer emotional distress, mental anguish, pain and suffering, inconvenience, loss of enjoyment of life, and other pecuniary and non-pecuniary losses.

17. As a result of the hostile work environment, discrimination and wrongful termination by Pine Lawn, Krone was caused to lose wages and fringe benefits and he is entitled to recover for this loss.

18. As a result of the hostile work environment, discrimination and wrongful termination by Pine Lawn, Krone will lose future earnings and future fringe benefits and he is entitled to recover for this loss.

19. In addition, Krone is entitled to reasonable attorney fees and all other affirmative relief as this court deems appropriate.

20. In addition, Krone is further entitled to pre-judgment interest to compensate him for the loss of wages during the period preceding any final judgment. Krone is further entitled to post-judgment interest from the date of judgment to the date that any judgment is paid by Pine Lawn.

21. In addition, Pine Lawn, through its managers, had knowledge that it may have been acting in violation of federal law and/or Pine Lawn approved or ratified the acts of hostile work environment, discrimination and wrongful termination and thus, Pine Lawn knew or showed

Electronically Filed - St Louis County - October 05, 2016 - 05:06 PM

reckless disregard on whether its conduct was prohibited by the ADA and Krone is entitled to liquidated damages.

WHEREFORE, Plaintiff, David Krone, prays for judgment in an amount that exceeds $25,000.00 plus costs of this action, and for any other relief as this Court may deem just and proper.

**Plaintiff Demands Trial by Jury**

**COUNT VI – ADA (Retaliation)**

NOW COMES Plaintiff, David Krone, by his attorneys, Brunton Law Offices, P.C., and for Count VI of his Complaint against Defendant, City of Pine Lawn (hereinafter referred to as "Pine Lawn") states:

1-10. For paragraphs one (1) through ten (10) of Count VI, Krone incorporates and realleges paragraphs one (1) through ten (10) of Count V as though fully alleged herein.

11. Prior to Krone's termination, Krone reported the hostile work environment and discrimination based upon disability to his supervisors.

12. Krone was terminated in retaliation for reporting the hostile work environment and discrimination because of disability, which violates the Americans with Disabilities Act, 42 U.S.C. §12101, *et seq.*

13. Prior to his termination, Krone was performing his job according to his employer's legitimate expectations.

14. Krone filed a Charge of Discrimination with the EEOC. A copy of the Charge is attached and incorporated as Exhibit "A".

15. Krone received a Notice of Right-to-Sue from the EEOC. A copy of the Notice is attached and incorporated herein as Exhibit "B".

Electronically Filed - St Louis County - October 05, 2016 - 05:06 PM

16. Krone filed this action within ninety (90) days of the receipt of the Notice of the Right-to-Sue letter.

17. As a result of the hostile work environment, discrimination and wrongful termination by Pine Lawn, Krone suffered and in the future will continue to suffer emotional distress, mental anguish, pain and suffering, inconvenience, loss of enjoyment of life, and other pecuniary and non-pecuniary losses.

18. As a result of the hostile work environment, discrimination and wrongful termination by Pine Lawn, Krone was caused to lose wages and fringe benefits and he is entitled to recover for this loss.

19. As a result of the hostile work environment, discrimination and wrongful termination by Pine Lawn, Krone will lose future earnings and future fringe benefits and he is entitled to recover for this loss.

20. In addition, Krone is entitled to reasonable attorney fees and all other affirmative relief as this court deems appropriate.

21. In addition, Krone is further entitled to pre-judgment interest to compensate him for the loss of wages during the period preceding any final judgment. Krone is further entitled to post-judgment interest from the date of judgment to the date that any judgment is paid by Pine Lawn.

22. In addition, Pine Lawn, through its managers, had knowledge that it may have been acting in violation of federal law and/or Pine Lawn approved or ratified the acts of hostile work environment, discrimination and wrongful termination and thus, Pine Lawn knew or showed reckless disregard on whether its conduct was prohibited by the ADA and Krone is entitled to liquidated damages.

Electronically Filed - St Louis County - October 05, 2016 - 05:06 PM

WHEREFORE, Plaintiff, David Krone, prays for judgment in an amount that exceeds $25,000.00 plus costs of this action, and for any other relief as this Court may deem just and proper.

**Plaintiff Demands Trial by Jury**

**COUNT VII – MHRA Disability**

NOW COMES Plaintiff, David Krone, by his attorneys, Brunton Law Offices, P.C., and for Count VII of his Complaint against Defendant, City of Pine Lawn (hereinafter referred to as "Pine Lawn") states:

1-7. For paragraphs one (1) through seven (7) of Count VII, Krone incorporates and realleges paragraphs one (1) through seven (7) of Count V as though fully alleged herein.

8. Krone had disabilities within the meaning of Missouri Human Rights Act ("MHRA") and Krone was a qualified individual with a disability within the definition of the MHRA.

9. After Pine Lawn terminated Krone's employment, it replaced him with an employee who was not disabled or regarded as disabled by Pine Lawn.

10. Krone was subjected to a hostile work environment, harassment, and was subjected to discrimination while working for Pine Lawn because of his disability, in violation of the MHRA.

11. Krone was terminated as a result of his disability, which violates the MHRA.

12. Prior to his termination, Krone was performing his job according to his employer's legitimate expectations.

13. Krone filed a Charge of Discrimination with the EEOC and Missouri Department of Human Rights. A copy of the Charge is attached and incorporated as Exhibit "A".

14. Krone received a Notice of Right-to-Sue from the Missouri Department of Human Rights. A copy of the Notice is attached and incorporated herein as Exhibit "C".

Electronically Filed - St Louis County - October 05, 2016 - 05:06 PM

15. Krone filed this action within ninety (90) days of the receipt of the Notice of the Right-to-Sue letter.

16. As a result of the hostile work environment, discrimination and wrongful termination by Pine Lawn, Krone suffered and in the future will continue to suffer emotional distress, mental anguish, pain and suffering, inconvenience, loss of enjoyment of life, and other pecuniary and non-pecuniary losses.

17. As a result of the hostile work environment, discrimination and wrongful termination by Pine Lawn, Krone was caused to lose wages and fringe benefits and he is entitled to recover for this loss.

18. As a result of the hostile work environment, discrimination and wrongful termination by Pine Lawn, Krone will lose future earnings and future fringe benefits and he is entitled to recover for this loss.

19. In addition, Krone is entitled to reasonable attorney fees and all other affirmative relief as this court deems appropriate.

20. In addition, Krone is further entitled to pre-judgment interest to compensate him for the loss of wages during the period preceding any final judgment. Krone is further entitled to post-judgment interest from the date of judgment to the date that any judgment is paid by Pine Lawn.

21. In addition, Pine Lawn, through its managers, had knowledge that it may have been acting in violation of law and/or Pine Lawn approved or ratified the acts of hostile work environment, discrimination and wrongful termination and thus, Pine Lawn knew or showed reckless disregard on whether its conduct was prohibited by the MHRA and Krone is entitled to liquidated damages.

Electronically Filed - St Louis County - October 05, 2016 - 05:06 PM

WHEREFORE, Plaintiff, David Krone, prays for judgment in an amount that exceeds $25,000.00 plus costs of this action, and for any other relief as this Court may deem just and proper.

**Plaintiff Demands Trial by Jury**

**COUNT VIII – MHRA Disability - Retaliation**

NOW COMES Plaintiff, David Krone, by his attorneys, Brunton Law Offices, P.C., and for Count VIII of his Complaint against Defendant, City of Pine Lawn (hereinafter referred to as "Pine Lawn") states:

1-10. For paragraphs one (1) through ten (10) of Count VIII, Krone incorporates and realleges paragraphs one (1) through ten (10) of Count VII as though fully alleged herein.

11. Prior to Krone's termination, Krone reported the hostile work environment and discrimination based upon disability to his supervisors.

12. Krone was terminated in retaliation for reporting the hostile work environment and discrimination because of disability, which violates the MHRA.

13. Prior to his termination, Krone was performing his job according to his employer's legitimate expectations.

14. Krone filed a Charge of Discrimination with the Missouri Department of Human Rights. A copy of the Charge is attached and incorporated as Exhibit "A".

15. Krone received a Notice of Right-to-Sue from the Missouri Department of Human Rights. A copy of the Notice is attached and incorporated herein as Exhibit "C".

16. Krone filed this action within ninety (90) days of the receipt of the Notice of the Right-to-Sue letter.

17. As a result of the hostile work environment, discrimination and wrongful termination by Pine Lawn, Krone suffered and in the future will continue to suffer emotional

Electronically Filed - St Louis County - October 05, 2016 - 05:06 PM

distress, mental anguish, pain and suffering, inconvenience, loss of enjoyment of life, and other pecuniary and non-pecuniary losses.

18. As a result of the hostile work environment, discrimination and wrongful termination by Pine Lawn, Krone was caused to lose wages and fringe benefits and he is entitled to recover for this loss.

19. As a result of the hostile work environment, discrimination and wrongful termination by Pine Lawn, Krone will lose future earnings and future fringe benefits and he is entitled to recover for this loss.

20. In addition, Krone is entitled to reasonable attorney fees and all other affirmative relief as this court deems appropriate.

21. In addition, Krone is further entitled to pre-judgment interest to compensate him for the loss of wages during the period preceding any final judgment. Krone is further entitled to post-judgment interest from the date of judgment to the date that any judgment is paid by Pine Lawn.

22. In addition, Pine Lawn, through its managers, had knowledge that it may have been acting in violation of federal law and/or Pine Lawn approved or ratified the acts of hostile work environment, discrimination and wrongful termination and thus, Pine Lawn knew or showed reckless disregard on whether its conduct was prohibited by the MHRA and Krone is entitled to liquidated damages.

WHEREFORE, Plaintiff, David Krone, prays for judgment in an amount that exceeds $25,000.00 plus costs of this action, and for any other relief as this Court may deem just and proper.

**Plaintiff Demands Trial by Jury**

Electronically Filed - St Louis County - October 05, 2016 - 05:06 PM

**COUNT IX – Violation of Missouri Sunshine Act**

NOW COMES Plaintiff, David Krone (hereinafter referred to as "Krone"), by his attorneys, Brunton Law Offices, P.C., and for Count IX of his Petition against Defendant, City of Pine Lawn (hereinafter referred to as "Pine Lawn"), states:

1-3. For paragraphs one (1) through three (3) of Count IX, Plaintiff realleges and incorporates by reference paragraphs one (1) through three (3) of Count I, as though fully alleged herein.

4. Section 610.020, RSMo Supp. 2013, requires all public governmental bodies to provide notice of each meeting. The Notice must include: 1) the time, date, and place of the meeting, and 2) the meeting's tentative agenda. Section 610.020.1.

5. The Notice of the government meeting must also be posted in a prominent place in the public governmental body's principal office that is accessible to the public. If there is no such office, then the Notice must be posted in a prominent place in the building where the meeting will be held. *Id.*

6. The government entity's Notice of meeting must also be posted at least 24 hours before the meeting, excluding weekends and excluding holidays when the office is closed. Section 610.020.2.

7. All public meetings must be at a time reasonably convenient to the public. Section 610.020.2, RSMo Supp.2013.

8. Pine Lawn did not provide any Notices of hearings in violation of The Sunshine Act, when they suspended and/or terminated Krone.

9. The Board meetings, if they existed, were not in compliance with the Missouri Sunshine Law, RSMO §610 et. seq.

Electronically Filed - St Louis County - October 05, 2016 - 05:06 PM

10. Pine Lawn did not post any Notices of meetings, if they existed, at least twenty-four hours in advance of the meeting, exclusive of weekends and holidays.

11. The meeting Notices regarding Krone, if meetings were held, did not have sufficient details in the tentative agenda as required by the Missouri Sunshine Act.

12. Board members met and discussed Krone's employment in covert meetings, which had no notice whatsoever.

13. According to the Missouri Sunshine Laws, any board meetings that entered a suspension and/or termination of Krone are void.

14. Krone requests that this Court enjoin Pine Lawn from carrying out the adverse employment actions of suspension and termination and void any board meeting Orders that were enacted during these meetings regarding Krone.

15. Krone requests any back pay that he is entitled to because of the void Orders. Krone also requests any future lost earnings that he is entitled to receive.

16. Pine Lawn's actions and inactions were "knowing" violations and Krone is entitled to civil penalties of $1,000.00 for each violation, plus all costs and reasonable attorney's fees.

17. The City of Pine Lawn's actions and inactions were "purposeful" and Krone is entitled to a civil penalty of $5,000.00 for each violation, plus reasonable attorney's fees and costs.

18. Krone requests any other relief that this Court deems just.

19. Pine Lawn has insurance that would provide coverage in this claim.

WHEREFORE, Plaintiff requests that this court enter an Order voiding the Pine Lawn Orders effecting Krone's employment with Pine Lawn and award him damages in excess of $25,000.00, and other relief that is just.

**Plaintiff Demands Trial by Jury.**

Electronically Filed - St Louis County - October 05, 2016 - 05:06 PM

**COUNT X – Violation of U.S. Constitution (§1983)- Right to Procedural Due Process**

NOW COMES Plaintiff, David Krone (hereafter referred to as "Krone"), by and through his undersigned attorneys, Brunton Law Offices, P.C., and for Count X of his Petition against Defendant, City of Pine Lawn (hereafter referred to as "Pine Lawn"), states:

1-13. For paragraphs one (1) through thirteen (13) of Count X, Plaintiff realleges and incorporates paragraphs one (1) through thirteen (13) of Count IX, as though fully alleged herein.

14. Due Process protections of the Fourteenth Amendment to the U.S. Constitution requires the City of Pine Lawn to provide process before disciplinary action can be taken against Krone and/or before discharge of Krone if a property interest or liability interest exists. U.S. Const. Amend. XIV.

15. Krone had an expectancy of continued employment.

16. A police officer, including Krone, has a property interest in employment pursuant to §84.120, RSMo 2000 and pursuant to Pine Lawn ordinances.

17. Krone was never provided notice for his discipline.

18. Krone never had an adequate opportunity for a hearing prior to termination. Krone was not allowed to see evidence, question witnesses, provide statements or any other means to address issues at hearing.

19. Krone never had an opportunity to rebut the reason for termination.

20. There existed a statute, ordinance and operations manual that required just cause for discipline.

21. Krone had a liberty interest and/or property interest in his continued employment. It is also likely that Krone will be unable to continue in this profession in the future.

Electronically Filed - St Louis County - October 05, 2016 - 05:06 PM

22. Krone was denied his constitutional right of due process by Pine Lawn, as provided to him by the United States Constitution, Fourteenth Amendment. U.S. Const., Amend. XIV.

23. Pine Lawn has procured liability insurance that would provide coverage for this claim.

24. As a result of Pine Lawn's actions/inactions, Krone is entitled to his past and future lost earnings and benefits.

25. As a result of Pine Lawn's actions/inactions, Krone was caused to suffer severe emotional distress which will continue into the future.

26. Krone is also entitled to punitive damages, attorney fees and costs as a result of Pine Lawn's actions.

WHEREFORE, Plaintiff, David Krone, requests that judgment be entered in his favor and against defendant, City of Pine Lawn, in an amount in excess of $25,000.00 and award costs of suit.

**Plaintiff Demands Trial by Jury.**

**COUNT XI – Violation of U.S. Constitution (§1983) (Amendment XIV)-**
**Right to Equal Protection**

NOW COMES Plaintiff, David Krone (hereafter referred to as "Krone"), by and through his undersigned attorneys, Brunton Law Offices, P.C., and for Count XI of his Petition against Defendant, City of Pine Lawn (hereafter referred to as "Pine Lawn"), states:

1-9. For paragraphs one (1) through nine (9) of Count XI, Plaintiff realleges and incorporates paragraphs one (1) through nine (9) of Count I, as though fully alleged herein.

10-32. For paragraphs ten (10) through thirty-two (32) of Count XI, Plaintiff realleges and incorporates paragraphs one (1) through twenty-two (22) of Count X, as though fully alleged herein.

Electronically Filed - St Louis County - October 05, 2016 - 05:06 PM

33. Krone was denied equal protection, which was his constitutional right as provided to him by the United States Constitution, Amendment XIV. Krone, and the other white and/or Caucasian officers were treated differently than other non-white and/or non-Caucasian officers in the same situation and the discriminatory treatment was based on an impermissible purpose or motive and it was intentional. U.S. Const. Amend. XIV.

34. Pine Lawn has procured liability insurance that would provide coverage for this claim.

35. As a result of Pine Lawn's actions, Krone is entitled to his past and future lost earnings and benefits.

36. As a result of Pine Lawn's actions, Krone was caused to suffer severe emotional distress which will continue into the future.

37. Krone is also entitled to punitive damages, attorney fees and costs as a result of Pine Lawn's actions.

WHEREFORE, Plaintiff, David Krone, requests that judgment be entered in his favor and against defendant, City of Pine Lawn, in an amount in excess of $25,000.00 and award costs of suit.

**Plaintiff Demands Trial by Jury.**

**COUNT XII Violation of 42 USC §1981**

NOW COMES Plaintiff, David Krone (hereafter referred to as "Krone"), by and through his undersigned attorneys, Brunton Law Offices, P.C., and for Count XII of his Petition against Defendant, City of Pine Lawn (hereafter referred to as "Pine Lawn"), states:

1-9. For paragraphs one (1) through nine (9) of Count XII, Plaintiff realleges and incorporates paragraphs one (1) through nine (9) of Count I as though fully alleged herein.

Electronically Filed - St Louis County - October 05, 2016 - 05:06 PM

10-32. For paragraphs ten (10) through thirty-two (32) of Count XII, Plaintiff realleges and incorporates paragraphs one (1) through twenty-two (22) of Count X, as though fully alleged herein.

33. Krone had an employment relationship and/or contract with Pine Lawn.

34. Krone was treated differently than others in the same or similar situation, and Pine Lawn discriminated against him in the enforcement and termination of his employment contract in violation of 42 U.S.C. §1981.

35. The discriminatory treatment was intentional.

36. As a result of Pine Lawn's actions, Krone lost wages and benefits and will lose wages and benefits in the future.

37. As a result of Pine Lawn's actions, Krone suffered from emotional distress.

38. As a result of Pine Lawn's actions, Krone sustained other incidental and consequential damages.

39. As a result of Pine Lawn's actions, Krone is entitled to attorney's fees and costs and punitive and liquidated damages.

40. There is insurance coverage for this claim.

WHEREFORE, Plaintiff, Steven Krone, requests that judgment be entered in his favor and against defendant, City of Pine Lawn, in an amount in excess of $25,000.00 and award costs of suit.

**Plaintiff Demands Trial by Jury.**

Electronically Filed - St Louis County - October 05, 2016 - 05:06 PM

## COUNT XIII

NOW COMES Plaintiff, David Krone, (hereinafter referred to as "Krone") by his undersigned attorneys, Brunton Law Offices, P.C., and for Count XIII of his Petition against Defendant, City of Pine Lawn, (hereinafter referred to as "Pine Lawn"), states:

1. Krone was an employee of Pine Lawn within the Pine Lawn Police Department, St. Louis County, State of Missouri.

2. Krone sustained injuries that were work-related.

3. As a result of Krone's work-related injury, Krone exercised his rights by requesting Missouri Workers' Compensation benefits from Pine Lawn.

4. Pine Lawn terminated Krone.

5. Krone's discharge from his employment with Pine Lawn is casually related to his request for Missouri Worker's Compensation benefits.

6. At all relevant times, there existed a clear mandate of Missouri Public Policy prohibiting discharge from employment for requesting Missouri Worker's Compensation benefits.

7. As a result of the retaliatory discharge, Krone should be awarded past lost wages and future loss of earnings and loss of past and future fringe benefits.

8. As a result of the retaliatory discharge, Krone should be awarded damages for past and future pain and suffering and damages for emotional trauma.

9. As a result of the retaliatory discharge, Krone is entitled to an award of punitive damages for Pine Lawn's unreasonable and vexatious discharge.

10. Pine Lawn has insurance coverage for this claim.

Electronically Filed - St Louis County - October 05, 2016 - 05:06 PM

WHEREFORE, Plaintiff, David Krone, prays that this Court enter judgment in his favor and against Defendant, City of Pine Lawn in an amount that exceeds $25,000.00 plus costs of this action, and for any other relief as this Court may deem just and proper.

**Plaintiff demands trial by jury.**

BRUNTON LAW OFFICE, P.C.

Michael J. Brunton, #42877
Mary M. Stewart, #38594
Brunton Law Office
819 Vandalia (HWY 159)
Collinsville, IL 62234
Attorney for Plaintiff

Electronically Filed - St Louis County - October 12, 2016 - 02:52 PM

IN THE CIRCUIT COURT
TWENTY-FIRST JUDICIAL CIRCUIT
ST. LOUIS COUNTY

DAVID KRONE,

Plaintiff,

vs.

CITY OF PINE LAWN,

Defendant.

Cause No.: 16SL-CC03721

Plaintiff Demands Trial by Jury

**MEMORANDUM REQUESTING SUMMONS**

COMES NOW Plaintiff, David Krone, by and through his attorneys, Michael Brunton and Brunton Law Offices, P.C., and requests that this Court issue a Summons on the Defendant as follows:

**Defendant City of Pine Lawn**
**Serve:** Victoria Stevenson
Pine Lawn City Hall
6250 Steve Marre Ave.
Pine Lawn, MO 63121

To be served by special process server. Please see attached Request for Appointment of Process Server.

BRUNTON LAW OFFICE, P.C.

/s/ Michael J. Brunton
Michael J. Brunton, #42877
Mary M. Stewart, #38594
Brunton Law Office
819 Vandalia (HWY 159)
Collinsville, IL 62234
Attorneys for Plaintiff



# IN THE 21ST JUDICIAL CIRCUIT COURT, ST. LOUIS COUNTY, MISSOURI

| | | |
|---|---|---|
| Judge or Division:<br>BARBARA W WALLACE | **Case Number: 16SL-CC03721** | |
| Plaintiff/Petitioner:<br>DAVID KRONE<br>vs. | Plaintiff's/Petitioner's Attorney/Address<br>MICHAEL JOHN BRUNTON<br>819 VANDALIA ST<br>COLLINSVILLE, IL 62234 | |
| Defendant/Respondent:<br>CITY OF PINE LAWN | Court Address:<br>ST LOUIS COUNTY COURT BUILDING<br>105 SOUTH CENTRAL AVENUE<br>CLAYTON, MO 63105 | |
| Nature of Suit:<br>CC Employmnt Discrmntn 213.111 | | (Date File Stamp) |

## Summons in Civil Case

**The State of Missouri to: CITY OF PINE LAWN**
**Alias:**

**6250 STEVE MARRE AVENUE**
**SERFE: VICTORIA STEVENSON**
**PINE LAWN, MO 63121**

*COURT SEAL OF*



*ST. LOUIS COUNTY*

**You are summoned to appear before this court and to file your pleading to the petition, a copy of which is attached, and to serve a copy of your pleading upon the attorney for Plaintiff/Petitioner at the above address all within 30 days after receiving this summons, exclusive of the day of service. If you fail to file your pleading, judgment by default may be taken against you for the relief demanded in the petition.**

**SPECIAL NEEDS: If you have special needs addressed by the Americans With Disabilities Act, please notify the Office of the Circuit Clerk at 314-615-8029, FAX 314-615-8739 or TTY at 314-615-4567, at least three business days in advance of the court proceeding.**

**19-OCT-2016**
**Date**

**Clerk**

**Further Information:**
**JJ**

### Sheriff's or Server's Return

**Note to serving officer:** Summons should be returned to the court within thirty days after the date of issue.

I certify that I have served the above summons by: (check one)

☐ delivering a copy of the summons and a copy of the petition to the Defendant/Respondent.

☐ leaving a copy of the summons and a copy of the petition at the dwelling place or usual abode of the Defendant/Respondent with ______________________ a person of the Defendant's/Respondent's family over the age of 15 years.

☐ (for service on a corporation) delivering a copy of the summons and a copy of the petition to

______________________ (name) ______________________ (title).

☐ other ______________________.

Served at ______________________ (address)

in ______________________ (County/City of St. Louis), MO, on ______________ (date) at ______________ (time).

______________________ Printed Name of Sheriff or Server

______________________ Signature of Sheriff or Server

**Must be sworn before a notary public if not served by an authorized officer:**

Subscribed and sworn to before me on ______________________ (date).

*(Seal)*

My commission expires: ______________ Date ______________ Notary Public

**Sheriff's Fees, if applicable**

| | |
|---|---|
| Summons | $____________ |
| Non Est | $____________ |
| Sheriff's Deputy Salary | |
| Supplemental Surcharge | $ 10.00 |
| Mileage | $____________ (______ miles @ $.______ per mile) |
| **Total** | $____________ |

A copy of the summons and a copy of the petition must be served on **each** Defendant/Respondent. For methods of service on all classes of suits, see Supreme Court Rule 54.

**THE CIRCUIT COURT OF ST. LOUIS COUNTY, MISSOURI**

Twenty First Judicial Circuit

**NOTICE OF ALTERNATIVE DISPUTE RESOLUTION SERVICES**

**Purpose of Notice**

As a party to a lawsuit in this court, you have the right to have a judge or jury decide your case. However, most lawsuits are settled by the parties before a trial takes place. This is often true even when the parties initially believe that settlement is not possible. A settlement reduces the expense and inconvenience of litigation. It also eliminates any uncertainty about the results of a trial.

Alternative dispute resolution services and procedures are available that may help the parties settle their lawsuit faster and at less cost. Often such services are most effective in reducing costs if used early in the course of a lawsuit. Your attorney can aid you in deciding whether and when such services would be helpful in your case.

**Your Rights and Obligations in Court Are Not Affected By This Notice**

You may decide to use an alternative dispute resolution procedure if the other parties to your case agree to do so. In some circumstances, a judge of this court may refer your case to an alternative dispute resolution procedure described below. These procedures are not a substitute for the services of a lawyer and consultation with a lawyer is recommended. Because you are a party to a lawsuit, you have obligations and deadlines which must be followed whether you use an alternative dispute resolution procedure or not. **IF YOU HAVE BEEN SERVED WITH A PETITION, YOU MUST FILE A RESPONSE ON TIME TO AVOID THE RISK OF DEFAULT JUDGMENT, WHETHER OR NOT YOU CHOOSE TO PURSUE AN ALTERNATIVE DISPUTE RESOLUTION PROCEDURE.**

**Alternative Dispute Resolution Procedures**

There are several procedures designed to help parties settle lawsuits. Most of these procedures involve the services of a neutral third party, often referred to as the "neutral," who is trained in dispute resolution and is not partial to any party. The services are provided by individuals and organizations who may charge a fee for this help. Some of the recognized alternative dispute resolutions procedures are:

**(1) Advisory Arbitration:** A procedure in which a neutral person or persons (typically one person or a panel of three persons) hears both sides and decides the case. The arbitrator's decision is not binding and simply serves to guide the parties in trying to settle their lawsuit. An arbitration is typically less formal than a trial, is usually shorter, and may be conducted in a private setting at a time mutually agreeable to the parties. The parties, by agreement, may select the arbitrator(s) and determine the rules under which the arbitration will be conducted.

**(2) Mediation:** A process in which a neutral third party facilitates communication between the parties to promote settlement. An effective mediator may offer solutions that have not been considered by the parties or their lawyers. A mediator may not impose his or her own judgment on the issues for that of the parties.

CCADM73

**(3) Early Neutral Evaluation ("ENE"):** A process designed to bring the parties to the litigation and their counsel together in the early pretrial period to present case summaries before and receive a non-binding assessment from an experienced neutral evaluator. The objective is to promote early and meaningful communication concerning disputes, enabling parties to plan their cases effectively and assess realistically the relative strengths and weaknesses of their positions. While this confidential environment provides an opportunity to negotiate a resolution, immediate settlement is not the primary purpose of this process.

**(4) Mini-Trial:** A process in which each party and their counsel present their case before a selected representative for each party and a neutral third party, to define the issues and develop a basis for realistic settlement negotiations. The neutral third party may issue an advisory opinion regarding the merits of the case. The advisory opinion is not binding.

**(5) Summary Jury Trial:** A summary jury trial is a non binding, informal settlement process in which jurors hear abbreviated case presentations. A judge or neutral presides over the hearing, but there are no witnesses and the rules of evidence are relaxed. After the "trial", the jurors retire to deliberate and then deliver an advisory verdict. The verdict then becomes the starting point for settlement negotiations among the parties.

**Selecting an Alternative Dispute Resolution Procedure and a Neutral**

If the parties agree to use an alternative dispute resolution procedure, they must decide what type of procedure to use and the identity of the neutral. As a public service, the St. Louis County Circuit Clerk maintains a list of persons who are available to serve as neutrals. The list contains the names of individuals who have met qualifications established by the Missouri Supreme Court and have asked to be on the list. The Circuit Clerk also has Neutral Qualifications Forms on file. These forms have been submitted by the neutrals on the list and provide information on their background and expertise. They also indicate the types of alternative dispute resolution services each neutral provides.

A copy of the list may be obtained by request in person and in writing to: Circuit Clerk, Office of Dispute Resolution Services, 7900 Carondelet Avenue, 5th Floor, Clayton, Missouri 63105. The Neutral Qualifications Forms will also be made available for inspection upon request to the Circuit Clerk.

The List and Neutral Qualification Forms are provided only as a convenience to the parties in selecting a neutral. The court cannot advise you on legal matters and can only provide you with the List and Forms. You should ask your lawyer for further information.

CCADM73



# IN THE 21ST JUDICIAL CIRCUIT COURT, ST. LOUIS COUNTY, MISSOURI

| Judge or Division: BARBARA W WALLACE | Case Number: 16SL-CC03721 |
|---|---|
| Plaintiff/Petitioner: DAVID KRONE vs. | Plaintiff's/Petitioner's Attorney/Address MICHAEL JOHN BRUNTON 819 VANDALIA ST COLLINSVILLE, IL 62234 |
| Defendant/Respondent: CITY OF PINE LAWN | Court Address: ST LOUIS COUNTY COURT BUILDING 105 SOUTH CENTRAL AVENUE CLAYTON, MO 63105 |
| Nature of Suit: CC Employmnt Discrmntn 213.111 | |

LC Victoria Stevenson City Clerk 10/26/16 2:30 P

FILED NOV - 1 2016 JOAN M. GILMER CIRCUIT CLERK, ST. LOUIS COUNTY

(Date File Stamp)

## Summons in Civil Case

**The State of Missouri to:** **CITY OF PINE LAWN**
**Alias:**

**6250 STEVE MARRE AVENUE**
**SERFE: VICTORIA STEVENSON**
**PINE LAWN, MO 63121**

15 WILS Ae

*COURT SEAL OF*

*ST. LOUIS COUNTY*

**You are summoned to appear before this court and to file your pleading to the petition, a copy of which is attached, and to serve a copy of your pleading upon the attorney for Plaintiff/Petitioner at the above address all within 30 days after receiving this summons, exclusive of the day of service. If you fail to file your pleading, judgment by default may be taken against you for the relief demanded in the petition.**

**SPECIAL NEEDS: If you have special needs addressed by the Americans With Disabilities Act, please notify the Office of the Circuit Clerk at 314-615-8029, FAX 314-615-8739 or TTY at 314-615-4567, at least three business days in advance of the court proceeding.**

**19-OCT-2016**
**Date**

**Clerk**

**Further Information:**
**JJ**

### Sheriff's or Server's Return

**Note to serving officer:** Summons should be returned to the court within thirty days after the date of issue.

I certify that I have served the above summons by: (check one)

- ☐ delivering a copy of the summons and a copy of the petition to the Defendant/Respondent.
- ☐ leaving a copy of the summons and a copy of the petition at the dwelling place or usual abode of the Defendant/Respondent with ______ a person of the Defendant's/Respondent's family over the age of 15 years.
- ☒ (for service on a corporation) delivering a copy of the summons and a copy of the petition to Victoria Stevenson (name) City Clerk (title).
- ☐ other ______

Served at 6250 Steve Marre 63121 (address)

in St Louis (County/City of St. Louis), MO, on 10-26-16 (date) at 2 30 P (time).

Alvin J. Wilson
Printed Name of Sheriff or Server

Signature of Sheriff or Server

RECEIVED 2016 OCT 24 AM 10:33

**Must be sworn before a notary public if not served by an authorized officer:**

Subscribed and sworn to before me on ______ (date).

*(Seal)*

My commission expires: ______ ______
Date Notary Public

OCT 24 2016

**Sheriff's Fees, if applicable**

| | |
|---|---|
| Summons | $ |
| Non Est | $ |
| Sheriff's Deputy Salary | |
| Supplemental Surcharge | $ 10.00 |
| Mileage | $ ( ___ miles @ $.___ per mile) |
| **Total** | $ |

A copy of the summons and a copy of the petition must be served on **each** Defendant/Respondent. For methods of service on all classes of suits, see Supreme Court Rule 54.



10-25