UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| DAVID KRONE, ) | |
| ) | |
| Plaintiff, ) | |
| ) | No. 4:16CV1801 RLW |
| v. ) | |
| ) | |
| THE CITY OF PINE LAWN, ) | |
| ) | |
| Defendant. ) | |

## MEMORANDUM AND ORDER

This matter is before the court on Defendant City of Pine Lawn's Motion to Dismiss, or in the Alternative for More Definite Statement. (ECF No. 15). This matter is fully briefed and ready for disposition.

## BACKGROUND

Plaintiff David Krone filed claims against Defendant City of Pine Lawn pursuant to Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e ("Title VII"), the Missouri Human Rights Act ("MHRA"), RSMo. 213.055, the Americans with Disabilities Act, 42 U.S.C. § 12101 ("ADA"), The Missouri Sunshine Act, RSMO §610 ("Sunshine Law"), and the Fourteenth Amendment of the U.S. Constitution, 42 U.S.C. §1983, 1981 ("Due Process" or "Equal Protection"). (Complaint (or "Compl."), ECF No. 4, ¶¶ 7, 8, 4, 14, 19.) In Counts I and II, Plaintiff alleges racial discrimination and retaliation in violation of Title VII. (Complaint p. 1, 3). In Counts III and IV, Plaintiff alleges racial discrimination and retaliation under the MHRA. (Complaint p. 5, 7). In Counts V and VI, Plaintiff alleges a hostile work environment, discrimination, wrongful termination, and retaliation based on his disability under the ADA.

1

(Complaint p. 9, 11). In Counts VII and VIII, Plaintiff alleges disability discrimination and retaliation under the MHRA. (Complaint p. 13, 15). In Count IX, Plaintiff alleges a violation of the Missouri Sunshine Act. (Complaint p. 17). In Counts X, XI, and XII, Plaintiff alleges violations of the U.S. Constitution's Due Process and Equal Protection clauses. (Complaint p. 19-20). Lastly, in Count XIII, Plaintiff pursues a worker's compensation claim. (Complaint p. 23).

**I.     Motion to Dismiss**

**A. Standard of Review**

In order to survive a motion to dismiss, a complaint must contain "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). While a complaint under Rule 12(b)(6) attack does not require detailed factual allegations, a plaintiff's responsibility to establish grounds of his entitlement to relief "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 55; *Huang v. Gateway Hotel Holdings*, 520 F.Supp. 2d 1137, 1140 (E.D. Mo. 2007). Under Fed. R. Civ. P. 8(a)(2), the complaint "must contain: . . . a short and plain statement of the claim showing that the pleader is entitled to relief . . ." Fed. R. Civ. P. 8(a)(2). In reviewing a motion to dismiss, the Court must view all allegations within the complaint liberally in the light most favorable to the plaintiff. *Eckert v. Titan Tire Corp.*, 514 F3d 801, 806 (8th Cir. 2008) (citing *Luney v. SGS Auto Servs.*, 432 F.3d 866, 867 (8th Cir. 2005)).

## B. Discussion

### 1. Counts I, II, III, and IV

Defendant moves to dismiss Counts I and III because the Complaint fails to allege sufficient facts for a racial discrimination claim under Title VII or MHRA. (Complaint at Count I and III). To sufficiently state a claim of discrimination under Title VII or the MHRA, Plaintiff must allege he: (1) is a member of a protected class; (2) was meeting his employer's legitimate job expectations; (3) suffered an adverse employment action; and (4) was treated differently than similarly situation employees who were not members of his protected class. *Jackman v. Fifth Judicial Dist. Dept. of Corr. Serv.*, 728 F.3d 800, 804 (8th Cir. 2013); *Burrow v. Boeing Co.*, 2011 WL 1594937 at *8 (E.D. Mo. April 27, 2011). Plaintiff alleges membership within a protected class and describes himself as Caucasian. (Complaint p.1, ¶6). Plaintiff also asserts that he was "performing his job according to his employer's legitimate expectations." (Complaint p. 2, ¶9). Plaintiff alleges he was terminated from employment, an adverse employment action, and other employees remained employed by Defendant. (Complaint p. 2, ¶8; p.1, ¶4). Plaintiff's Complaint does not need to include "specific facts", *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007), but only "sufficient factual information to provide the 'grounds' on which the claim rests, and to raise a right to relief above a speculative level." *Schaaf v. Residential Funding Corp.*, 517 F.3d 544, 549 (8th Cir. 2008) (citing *Twombly*, 550 U.S. at 555). Here, Plaintiff's allegations regarding his Caucasian race, performance level, and employment termination are sufficient to overcome a 12(b)(6) motion. Under the MHRA, Plaintiff does not need to prove he was treated differently than a similarly situated employee, but such proof is one way to show race or national origin contributed to his termination. *Jain v. CVS Pharmacy, Inc.*, 779 F.3d 753, 759 (8th Cir. 2015). At this early stage of the litigation,

Plaintiff's allegation that Defendant retained other employees after Plaintiff's termination provides 'grounds' for relief under both Title VII and MHRA. *Marez v. Saint-Gobain Containers, Inc.*, 740 F.Supp.2d 1057, 1067 (E.D. Mo. 2010). The Court denies Defendant's 12(b)(6) Motion to Dismiss regarding the Title VII discrimination claims, and denies Defendant's motion in the alternative for a More Definite Statement.

Defendant also moves to dismiss Counts II and IV because the Complaint fails to allege sufficient facts for a retaliation claim under Title VII and the MHRA. (Complaint at Count II and IV). Under Title VII and the MHRA, Plaintiff must allege a prima facie case of retaliation by showing: "(1) he engaged in protected conduct; (2) he suffered a materially adverse employment action; and (3) the adverse action was casually linked to the protected conduct." *Pye v. Nu Aire, Inc.*, 641 F.3d 1011, 1021 (8th Cir. 2011) (citing *Fercello v. County of Ramsey*, 612 F.3d 1068, 1077-78 (8th Cir. 2010)); *Finley v. Empiregas, Inc. of Potosi*, 975 F.2d 467, 473 (8th Cir. 1992). Protected conduct under Title VII includes any employee opposition to "any practice made unlawful by Title VII, or 'made a charge, testified, assisted, or participated in any manner in an investigation, proceeding, or hearing' under the statute." *Hervey v. County of Koochiching*, 527 F.3d 711, 722 (8th Cir. 2008) (citing 42 U.S.C. § 2000e—3(a)). Temporal connection between the statutorily protected behavior and the adverse employment action can be sufficient to establish the causal connection needed for a retaliation claim. *Sisk v. Picture People, Inc.*, 669 F.3d 896, 900-01 (8th Cir. 2012) (citing *Hite v. Vermeer Mfg. Co.*, 446 F.3d 858, 866 (8th Cir. 2006)). In the instant case, Plaintiff alleges that he informed Defendant of the alleged discrimination and filed Charges of Discrimination with both the Missouri Commission on Human Rights ("MCHR") and the Equal Employment Opportunity Commission ("EEOC"). (Complaint p. 3, ¶8; p. 4, ¶12). Also, Plaintiff alleges he suffered an adverse an employment

4

action, specifically termination of employment, and states his termination resulted from his report of discrimination and filing with the MCHR and EEOC. (Complaint p. 3, ¶ 10). Lastly, Plaintiff alleges harassment and termination of his employment occurred subsequent to his filing the complaints with the MCHR and EEOC. (Complaint p.3, ¶ 10). At this early stage of the litigation, Plaintiff's allegations of filing the complaints with the MCHR and EEOC, and subsequent termination are sufficient to overcome Defendant's Motion to Dismiss. *Reifsteck v. Paco Bldg. Supply Co.*, No. 4:04CV742 RWS, 2005 WL 2674941 at *6-7 (E.D. Mo. Oct. 20, 2005). The Court denies Defendant's Motion to Dismiss Plaintiff's Retaliation claims under Title VII and MHRA in Counts II and IV and Defendant's Motion in the alternative for a More Definite Statement.

### 2. Counts V, VI, VII, and VIII

Defendant moves to dismiss Counts V, VI, VII, and VIII because the Complaint does not allege sufficient facts to result in liability under the American with Disabilities Act ("ADA"), 42 U.S.C. § 12102(2) or the MHRA. In Counts V and VII, Plaintiff alleges a hostile work environment, discrimination, and wrongful termination under the ADA and the MHRA. In Counts VI and VIII, Plaintiff alleges retaliation under both the ADA and MHRA.

In order to establish a prima facie case of disability discrimination under the ADA and MHRA, Plaintiff must show: "[h]e is disabled as defined in 42 U.S.C. § 12102(2); (2) [h]e is qualified to perform the essential functions of the job, with or without reasonable accommodation; and (3) [h]e has suffered an adverse employment action because of [his] disability." *Alexander v. Northland Inn*, 321 F.3d 723, 726 (8th Cir. 2003) (citing *Benson v. Northwest Airlines, Inc.*, 62 F.3d 1108, 1112 (8th Cir. 1995)); *Young v. Warner-Jenkinson Co.*,

152 F3d 1018, 1021 (8th Cir. 1998). To establish a prima facie case of retaliation under the ADA and the MHRA, Plaintiff must establish "(1) that he or she engaged in statutorily protected activity; (2) an adverse employment action was taken against him or her; (3) a causal connection exists between the two events." *Lors v. Dean*, 746 F.3d 857, 867 (8th Cir. 2014) (quoting *Green v. Franklin Nat'l Bank of Minneapolis*, 459 F.3d 903, 914 (8th Cir. 2006)); *Floyd v. State of Missouri Dept. of Social Services, Div. of Family Services*, 188 F.3d 932, 938 (8th Cir. 1999)(using the same standard as the ADA). "A retaliation claim under the ADA requires a but-for causal connection between the employee's assertion of her [or his] ADA rights and an adverse action by the employer." *Oehmke v. Medtronic, Inc.*, 844 F.3d 748, 758 (8th Cir. 2016) (citing *Univ. of Tex. Sw. Med. Ctr. V. Nassar*, 133 S.Ct. 2517, 186 L.Ed.2d 502 (2013)). "Proof of a retaliation claim is not the same as a direct claim of disability discrimination." *Foster v. Time Warner Entertainment Co., L.P.*, 250 F.3d 1189, 1195 (8th Cir. 2001). Rather, to prevail on a retaliation claim, Plaintiff "need not establish the conduct which [he] opposed was in fact discriminatory but rather must demonstrate a good faith, reasonable belief that the underlying conduct violated the law." *Id.* (quoting *Buettner v. Arch Coal Sales, Co., Inc.*, 216 F.3d 707, 714 (8th Cir. 2000)). In this case, Plaintiff alleges he has "disabilities" protected under the ADA, 42 U.S.C. §12102(2). (Complaint p. 9, ¶8; p.11, ¶1). However, Plaintiff fails to name or describe the disabilities in any way, which is insufficient to provide fair notice to Defendant. *Harris v. Missouri Dept. of Mental Health*, No. 4:08-CV-1247 CAS, 2009 WL 152105 at *4 (E.D. Mo. Jan. 21, 2009). Based upon this deficiency, this Court denies Defendant's Motion to Dismiss and grants Defendant's Motion for a More Definite Statement for Counts V, VI, VII, and VII. Plaintiff is granted ten (10) days to file an amended Complaint that corrects this pleading deficiency.

### 3. Count IX

Defendant moves to dismiss Count IX for failure to state a claim for which relief can be granted under Missouri Sunshine Law § 610.020. RSMo. Section 610.020 requires notice, including time, date, and place, of each governmental bodies' meeting "to advise the public of the matters to be considered." RSMo. Section 610.020.1. However, § 610.021.3 excepts those meetings which relate to "[h]iring, firing disciplining or promoting of particular employees by a public governmental body when personal information about the employee is discussed. . ." RSMo. Section 610.021.3. Section 610.021 provides "any vote on a final decision, when taken by a public governmental body, to hire, fire, promote or discipline an employee of a governmental body shall be made available with a record of how each member voted to the public within seventy-two hours of the close of the meeting where such action occurs . . . ." *Id.* While specificity is not required, Plaintiff's pleading contains possible inconsistencies regarding "the Board's" alleged meetings pertaining to Plaintiff's employment. In his pleadings, Plaintiff alleges "meetings" may have taken place regarding Plaintiff's employment, explicitly stating his uncertainty in whether such meetings existed. (Complaint p. 17-18, ¶¶9-11). Plaintiff then alleges board members conducted a meeting without any notice to the public. (Complaint p. 18, ¶ 12). While the Plaintiff demonstrates uncertainty as to whether such meetings occurred, and his pleadings could be more detailed, Plaintiff is not required to allege "specific facts" at this stage. *Twombly*, 550 U.S. at 555. Accordingly, the Court denies Defendant's Motion to Dismiss, and Defendant's Motion for a More Definite Statement regarding Count IX, the alleged violation of the Missouri Sunshine Law, RSMo. Section 610.020.

### 4. Counts X and XI

Defendant moves to dismiss Plaintiff's Counts X and XI for failure to state a claim for relief in Plaintiff's Due Process and Equal Protection claims under §1983. "To state a claim under §1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." *Roe v. Humke*, 128 F.3d 1213, 1215 (8th Cir. 1997). "To establish a procedural due process violation, a plaintiff must demonstrate that he has a protected property or liberty interest at stake and that he was deprived of that interest without due process of law." *Hopkins v. Saunders*, 199F.3d 968, 975 (8th Cir. 1999). For an employee to obtain a property interest in employment, the interest can "be created by ordinance, or by an implied contract." *Bishop v. Wood*, 426 U.S. 341, 344 (1976). Furthermore, "a plaintiff has a protected property interest in his employment if can show 'that he could have been fired only for good cause.'" *Id.* (quoting *Spitzmiller v. Hawkins*, 183 F.3d 912, 916 (8th Cir. 1999)). "Whether such a guarantee has been given can be determined only by an examination of the particular statute or ordinance in question." *Id.* at 345. In Missouri, § 84.120 R.S.Mo. 2000 states police officers are "subject to removal only for cause after a hearing by the boards."

The Equal Protection Clause requires the government to treat similarly situated individuals alike. *City of Cleburne v. Cleburne Living Ctr., Inc.*, 473 U.S. 432, 439 (1985). "Absent evidence of direct discrimination, courts apply the *McDonnell Douglas* burden-shifting analysis to claims of employment discrimination under the Equal Protection Clause." *Hager v. Arkansas Dept. of Health*, 735 F.3d 1009, 1014 (8th Cir. 2013) (citing *Lockridge v. Board of Trs. of Univ. of Arksas*, 315 F.3d 1005, 1010 (8th Cir. 2003)). The *McDonnell Douglas* analysis requires plaintiffs to prove: "(1) membership in a protected group; (2) qualification for the job in

8

question; (3) an adverse employment action; and (4) circumstances that support an inference of discrimination." *Id.* (citing *Swierkiewicz v. Sorema N. A.*, 534 U.S. 506, 510 (2002)). "Under *Swierkiewicz*, a plaintiff need not plead facts establishing a prima facie case of discrimination under McDonnell Douglas in order to defeat a motion to dismiss." *Id.* (citing *Swierkiewicz*, 534 U.S. at 510-11)).

At this early stage in the litigation, Plaintiff sufficiently pleaded a claim for a Due Process violation based upon his expectancy of continued employment and recognition of the for-cause removal provision in Missouri § 84.120 RS Mo. 2000. Likewise, the Court holds Plaintiff sufficiently pleaded a claim of Equal Protection violations based upon his termination compared to other employees' continued employment. Therefore, this Court denies Defendant's Motion to Dismiss Plaintiff's §1983 claims and Defendant's Motion for a More Definite Statement.

### 5. Count XII

Defendant moves to dismiss Count XII of Plaintiff's pleadings, an alleged violation of 42 U.S.C. §1981. Under 42 U.S.C. §1981, "[a]ll persons within the jurisdiction of the United States shall have the same right in every State and Territory to make and enforce contracts...." 42 U.S.C. §1981. As defined in the statute, "make and enforce contracts' includes the making, performance, modification, and termination of contract, and the enjoyment of all benefits, privileges, terms, and conditions of the contractual relationship." *Id.* To prevail in a §1981 claim, Plaintiff must show Defendant's custom or policy caused the violation of Plaintiff's "right to make contracts." *Jett v. Dallas Independent School Dist.*, 491 U.S. 701, 702 (1989). Conversely, a government entity cannot be liable under the theory of respondeat superior. *Artis*

9

*v. Francis Howell North Band Booster Ass'n, Inc.*, 161 F.3d 1178, 1181 (8th Cir. 1998). The "express action at law" provided by §1983 for the "deprivation of rights…secured by the Constitution and laws" provides the exclusive federal damages remedy for the violation of rights guaranteed by §1981 when the claim is pressed against a state actor." *Id.* (citing *Brown v. GSA*, 425 U.S. 820 (1976)).

As previously discussed, Plaintiff has previously and sufficiently alleged a §1983 violation; therefore, §1983 provides the remedy for Plaintiff's §1981 claim. The Court grants Defendant's Motion to Dismiss Count XII.

### 6. Count XIII

Defendant moves to remand the case to state court if this Court dismisses the preceding claims for which this Court has original jurisdiction. Because claims remain over which this Court has original jurisdiction, this Court denies the Motion to Dismiss Plaintiff's worker's compensation claim based upon the Court's supplemental jurisdiction.

Accordingly,

**IT IS HEREBY ORDERED** that Defendant City of Pine Lawn's Motion to Dismiss (ECF No. 15) is **GRANTED** as to Count XII. Count XII is **DISMISSED** with prejudice.

**IT IS FURTHER ORDERED** that Defendant's Motion for a More Definite Statement is **GRANTED** as to Counts V, VI, VII, VIII. Plaintiff is granted ten (10) days from the date of this order to file an Amended Complaint.

**IT IS FINALLY ORDERED** that Defendant City of Pine Lawn's Motion to Dismiss, or in the Alternative, for More Definite Statement is (ECF No. 15) is **DENIED** for Counts I, II, III, IV, IX, X, XI, and XIII.

Dated this 20th day of April 2017.

                                                                             *Ronnie L. White*
                                                                             **RONNIE L. WHITE**
                                                                             **UNITED STATES DISTRICT JUDGE**